UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X          Civil Case No:  26-3578
ROC GLOBAL, LLC,

                                                                           CIVIL ACTION
                          Plaintiff,                                     COMPLAINT
                                                                                 AND
-against-                                                        DEMAND FOR JURY TRIAL

AURCANA CORPORATION,

                          Defendant.
-------------------------------------------------------X

     Plaintiff ROC GLOBAL, LLC (hereinafter "RG" and/or "Plaintiff"), brings this Complaint by and through the undersigned attorneys, Litchfield Cavo LLP, against Defendant AURCANA CORPORATION (hereinafter "Aurcana" and/or "Defendant"), and alleges and states as follows:

## THE PARTIES

1.    Plaintiff ROC GLOBAL, LLC ("RG") is a limited liability company organized and existing in the state of Connecticut, with a principal place of business at 535 Fifth Avenue in New York, New York.

2.    Defendant AURCANA CORPORATION is a foreign corporation, organized and existing under the laws of Canada, headquartered at 780 West Pender Street, in Vancouver, British Columbia, Canada.

## JURISDICTION

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000, and the plaintiff limited liability company is a citizen of the states of New York and of Connecticut, while the defendant corporation is a foreign corporation organized under the laws of Canada, with a place of business in Vancouver, British Columbia.

1

4.      This Court has jurisdiction over the parties because this lawsuit arises from a written contract, pursuant to which both plaintiff and defendant agreed to submit to the jurisdiction of courts of the State of New York located in the borough of Manhattan, and the United States District Court for the Southern District of New York.

## VENUE

5.      Venue is proper because this lawsuit arises from a written contract pursuant to which both plaintiff and defendant agreed that any and all litigation arising from the contract would be conducted in the courts of the State of New York located in the borough of Manhattan, and the United States District Court for the Southern District of New York.

## ALLEGATIONS OF FACT

6.      AURCANA CORPORATION ("Aurcana") entered into a written agreement (the "Letter Agreement") with RG on March 19, 2024. The Letter Agreement is attached to and incorporated by reference into this Agreement, as **Exhibit A**.

7.      RG agreed to provide Aurcana with investment banking and financial advisory services in connection with a desired transaction ("the Transaction"). The Letter Agreement provided that these services would include, where requested and appropriate, (a) formulation of a strategy for consummating the Transaction; (b) assistance in marketing in connection with the Transaction; (c) approaching potential participants in the Transaction; (d) assisting with modeling, screening, meetings, and coordination; (e) assistance in negotiation and evaluation of proposals.

8.      Aurcana agreed, in the event that it was able to consummate the Transaction with a party to whom it was introduced by RG, to pay a "transaction fee" equal to 5% of the "aggregate transaction value," as defined in the Letter Agreement.

9.  Aurcana agreed that the "transaction fee" would be paid in cash at the closing of the Transaction.

10.  RG provided the services described in the Letter Agreement.

11.  RG introduced Aurcana to James Bay Minerals, Ltd.

12.  Aurcana was able to consummate the Transaction with James Bay Minerals, Ltd. in November of 2025. Aurcana received, as consideration for the Transaction, Nine Million Five Hundred Thousand Dollars ($9,500,000.00) at closing, and will receive Eight Million Five Hundred Thousand Dollars ($8,500,000.00) in deferred consideration to be paid to or on behalf of Aurcana in November of 2026 and November of 2027. Aurcana was also permitted to retain, as part of the transaction, a royalty.

13.  Aurcana did not pay the Transaction Fee to RG at the closing of the Transaction as required by the Letter Agreement.

14.  RG timely demanded payment of the Transaction Fee on November 21, 2025, and provided an invoice reflecting the amount due. The Invoice is attached to, and incorporated by reference into this Complaint as **Exhibit B**.

15.  Aurcana did not pay the Transaction Fee.

**COUNT I**
**BREACH OF CONTRACT**

16.  RG restates and incorporates by reference each allegation contained within the preceding paragraphs one through fifteen.

17.  RG and Aurcana were parties to a binding and enforceable written contract, the Letter Agreement, pursuant to which RG agreed to perform services for Aurcana, and Aurcana agreed to pay a "Transaction Fee" equal to 5% of the "Aggregate Transaction Value," if Aurcana was able to consummate the "Transaction" described in the Letter Agreement.

18.    Aurcana agreed to pay the "Transaction Fee" at the closing of the "Transaction."

19.    RG performed the services required by the Letter Agreement, and Aurcana consummated the Transaction described in the Letter Agreement, and accordingly, Aurcana was obligated to pay the "Transaction Fee," at the closing of the "Transaction."

20.    Aurcana did not pay the "Transaction Fee" at the closing of the Transaction, or at any time thereafter.

21.    Aurcana's failure to pay the Transaction fee was a material and unexcused breach of the terms of the Letter Agreement.

22.    By reason thereof, Plaintiff Roc Global LLC prays that it be awarded damages, attorney's fees, and costs of court, as well as such other and further relief as this Court deems suitable.

## COUNT II
## UNJUST ENRICHMENT

23.    RG restates and incorporates by reference each allegation contained within the preceding paragraphs one through twenty-two.

24.    RG provided valuable services to Aurcana, including services that resulted in Aurcana consummating a transaction with an aggregate value exceeding Eighteen Million Dollars ($18,000,000.00).

25.    Aurcana received a benefit from the services provided by RG, resulting in the consummation of the Transaction desired by Aurcana. Aurcana agreed to compensate RG for the services provided at the closing of the Transaction.

26.    Aurcana did not inform the other parties to the Transaction of its obligation to compensate RG at closing, and/or did not provide RG with notice of the closing in advance, sufficient that RG could ensure that it received its promised Transaction Fee.

27. Aurcana omissions resulted in increased payments to Aurcana, at the expense of RG.

28. Aurcana has been unjustly enriched by the services provided by RG, and, under the circumstances, Aurcana cannot in equity and good conscience be permitted to retain this benefit.

29. By reason thereof, Plaintiff Roc Global LLC prays Aurcana be ordered to pay restitution to Roc Global LLC, and attorneys fees, and costs of court, as well as such other and further relief as this Court deems suitable.

**COUNT III**
**ACCOUNT STATED**

30. RG restates and incorporates by reference each allegation contained within the preceding paragraphs one through twenty-nine.

31. RG sent Aurcana a detailed statement for the amounts owed, as set forth above, and Aurcana retained same without protest.

32. The foregoing constitutes an account stated, with damages owed in the amount of One Million One Hundred Fifty Thousand Dollars ($1,150,000.00).

33. By reason thereof, Plaintiff Roc Global LLC prays Aurcana be ordered to pay restitution to Roc Global LLC, and attorneys fees, and costs of court, as well as such other and further relief as this Court deems suitable.

**DEMAND FOR TRIAL BY JURY**

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a.  On the first cause of action, an award of damages in its favor in an amount to be determined at trial, but no less than One Million One Hundred Fifty Thousand Dollars ($1,150,000.00);

b.  On the second cause of action, an award of damages in its favor in an amount to be determined at trial, but no less than One Million One Hundred Fifty Thousand Dollars ($1,150,000.00);

c.  On the third cause of action, an award of damages in its favor in an amount to be determined at trial, but no less than One Million One Hundred Fifty Thousand Dollars ($1,150,000.00); and

d.  On all causes of action, an award of its costs and expenses, together with its attorney's fees.

Dated:  New York, New York
        April 28, 2026

_____
Angela M. Stenroos
Joseph Dimitrov
Litchfield Cavo LLP
420 Lexington Avenue, Suite 2104
New York, NY 10170
(212) 434-0100
stenroos@litchfieldcavo.com
dimitrov@litchfieldcavo.com
File No: 7881-1
            ***Attorney for Plaintiff***

6